IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TREDDIS M. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:10-cv-555-WHA |
| | ) | (WO) |
| ADVANCED TECHNOLOGY, | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This case is before the court on a Motion to Dismiss Plaintiff's State Law Claims (Doc. # 7) filed by Defendant Advanced Technology Services, Inc. ("ATS") on July 19, 2010.

The Plaintiff filed a Complaint in this case on June 28, 2010 bringing claims for race discrimination in violation of Title VII of the Civil Rights Act of 1964 (First Cause of Action), race discrimination in violation of 42 U.S.C. § 1981 (Second Cause of Action), negligent supervision (Third Cause of Action), and negligence and wantonness (Fourth Cause of Action). Defendant ATS has moved to dismiss the state law claims, Plaintiff's Third and Fourth Causes of Action.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED.

**II.  MOTION TO DISMISS STANDARD**

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399,

1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* _ U.S. _, 129 S. Ct. 1937, 1949-50 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The factual allegations "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

### III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

In March 2007, ATS hired Plaintiff Treddis M. Ellis ("Ellis") as a maintenance technician.  During all relevant times of this case, ATS had a business contract with Masterbrand Cabinets ("Masterbrand") to maintain Masterbrand's production equipment and to perform other factory maintenance for Masterbrand's Auburn, Alabama facility ("Auburn Facility").  To fulfill these obligations, ATS assigned five of its employees—four maintenance technicians and one site manager—to the Auburn facility.  Ellis worked as one of the maintenance technicians at the Auburn facility.  Two of the maintenance technicians, Ellis and Edward Dowdell ("Dowdell"), were African American, whereas the other two maintenance technicians were white.

ATS provided its employees annual training sessions for the maintenance and repair of electrical units.  At a training session on June 10, 2009, the most recent training session prior to Ellis's termination, ATS suggested that all employees performing maintenance or repair of electrical equipment wear personal protective equipment ("PPE") under certain circumstances.  However, at the time of this training session, ATS had not yet purchased PPE for its employees.

One function performed by ATS employees at the Auburn Facility was to maintain and repair a Holzma Rear Load Machine (the "Holzma").  Because the Holzma was a piece of electrical equipment, according to ATS's June 2009 training session, ATS employees were supposed to wear PPE while working on the Holzma.  Despite this, all ATS maintenance technicians routinely performed maintenance and repair work on the Holzma without PPE, even after ATS's June 2009 training session.

In September 2009, ATS assigned a new site manager, Rex Redman ("Redman"), a white man, to the Auburn Facility.  On November 19, 2009, Ellis and Dowdell were assigned to work on the Holzma, and began working on it without using PPE.  While ATS had purchased PPE for the Auburn Facility employees by this time, neither Ellis nor Dowdell was aware that PPE was available.  Nevertheless, when Redman noticed that Ellis and Dowdell were not wearing PPE, he told both employees that PPE was available and ordered them to wear it.  Ellis and Dowdell then equipped themselves with PPE and returned to work on the Holzma.  However, on November 20, 2009, Redman terminated Ellis and Dowdell.  While Redman claimed that he terminated Ellis and Dowdell for violating a safety rule, Ellis claims Redman terminated him on the basis of race.

IV.  **DISCUSSION**

A.  **Negligent Supervision**

ATS argues that Ellis fails to state a cause of action for negligent supervision because he does not allege that ATS knew or should have known of Redman's propensity to engage in the conduct that caused Ellis's injury.  Specifically, ATS emphasizes that Ellis fails to allege that ATS knew or should have known of Redman's propensity to engage in intentional discrimination on the basis of race.  Ellis responds that his Complaint is sufficient because it alleges that ATS knew or should have known of Redman's prior failure to supply or require the use of PPE.

In Alabama, an employer is liable for negligent supervision of an employee only if it is "established by affirmative proof that [the employee's] incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge." *Thompson v. Havard*, 235 So. 2d 853, 858 (Ala. 1970).  Moreover, because negligent supervision is a negligence-based claim, "a plaintiff pursuing a claim of negligent . . . supervision of employees must establish that the employees' incompetency *was the proximate cause of the alleged injury*." *Johnson v. Brunswick Riverview Club, Inc.*, 39 So. 3d 132, 140 (Ala. 2009) (emphasis added) (citing *Hathcock v. Mitchell*, 173 So. 2d 576, 584 (1965) (holding that "the master is not liable for having employed incompetent servants unless their incompetency was the proximate cause of the injury")).  Furthermore, a negligent supervision claim must be based on a "common-law, Alabama tort" committed by an employee, not on a federal cause of action such as Title VII. *Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F. Supp. 2d 1314, 1320 (N.D. Ala. 2002) (citing *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 824 (Ala. 1999)); *see also Rabb v. Georgia Pacific, LLC*, 2010

WL 2985575, at *16 (S.D. Ala. Jul. 26, 2010) ("Because Alabama does not recognize a common-law tort for race discrimination in employment, this Court finds that Rabb cannot maintain an action for negligent supervision 'based upon conduct that is employment discrimination, but does not support a common-law tort.'") (quoting *Thrasher*, 195 F. Supp. 2d at 1320). In sum, to state a claim for negligent supervision, a plaintiff must allege that (1) an employer knew or should have known of the employee's incompetency; (2) the incompetency at issue and the failure of the employer to prevent the incompetency through supervision was the proximate cause of the plaintiff's injury; and (3) the tort committed by the employee, and not prevented due to negligent supervision, was a common-law, Alabama tort.

In this case, Ellis's injuries stem from being fired by Redman in an allegedly discriminatory manner based on race. Accordingly, to state a claim for negligent supervision for these injuries, Ellis must allege that ATS had knowledge that Redman was incompetent in this regard and that this incompetence proximately caused Ellis's injuries. Specifically, Ellis must allege that ATS knew or should have known of Redman's tendency to intentionally discriminate on the basis of race. Yet Ellis does not allege any facts that suggest ATS knew or should have known that Redman had a tendency to so discriminate. Rather, Ellis alleges that, by failing to ensure that all employees were outfitted with PPE at appropriate times, Redman breached his duty to keep employees safe, and because this failure was so pervasive, ATS knew or should have known of such incompetence. While Ellis has alleged that ATS had knowledge that Redman failed to keep employees safe, this does not indicate that Redman also had a tendency to discriminate against employees on the basis of race, and that ATS knew or should have known that, based on facts alleged, and did not prevent it. Because Ellis was injured by alleged

discrimination, not by a safety violation, allegations that show ATS had knowledge of Redman's lack of safety are irrelevant in this case, unless they can be connected to discrimination. *See Norman v. Southern Guar. Ins. Co.*, 191 F. Supp. 2d 1321, 1337 (M.D. Ala. 2002) ("[F]or a negligent supervision and training claim to exist regarding these alleged [instances of discrimination or retaliation], Southern Guaranty must or should have known not of its employees' propensity to misapply the FMLA or ADA, but rather of their propensity to *intentionally discriminate or retaliate* against an employee taking advantage of the protections of those statutes.") (emphasis in original).

In Ellis's Response to Defendant's Motion to Dismiss State Law Claims, Ellis cites the case of *Edwards v. Hyundai*, 603 F. Supp. 2d 1336, 1357 (M.D. Ala. 2009) as supporting his position. In that case, however, the federal claims included one for sexual harassment and the state law claim of negligent supervision was based on widespread acts of that kind of behavior, which may have been widely known in the plant. *Id.* The court held that, although Alabama does not recognize an independent cause of action for sexual harassment, the acts complained of amounted to the state law tort of invasion of privacy. *Id.* Thus, the employer's knowledge of the employee's propensity to engage in the type of behavior that caused the injury supported the state law claim of negligent supervision. *Id. Hyundai* is clearly distinguishable from this case, where the employee's alleged action causing Ellis's injury of being terminated was racial discrimination, not a state law tort.

Accordingly, Defendant's Motion to Dismiss the Third Cause of Action is due to be GRANTED.

B.     **Negligence and Wantonness**

ATS next argues that Ellis's negligence and wantonness claims should be dismissed because Ellis does not identify the duty that ATS owed to Ellis, Ellis does not identify how ATS breached that duty, and Ellis does not allege that ATS knew of any existing conditions or actions that would injure Ellis.

To state a negligence cause of action, a plaintiff must allege four elements: (1) duty; (2) breach; (3) causation; and (4) damages. *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994). To state a wantonness cause of action, a plaintiff must allege "that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty . . . . [and] that act or omission must proximately cause the injury of which the plaintiff complains." *Id.*

Ellis's negligence and wantonness claims are due to be dismissed. Ellis's negligence claim is due to be dismissed because Ellis fails to identify what duty ATS breached or how ATS breached that duty. Ellis's wantonness complaint is due to be dismissed because Ellis does not identify what wrongful act or breach of duty ATS committed, nor does Ellis allege if or how ATS had knowledge that it was committing a wrongful act or breaching some duty. Moreover, both Ellis's negligence and wantonness claims are lacking a basis in proximate causation; specifically, Ellis fails to identify how ATS's acts or omissions would foreseeably lead to discrimination on the basis of race by Redman. In short, Ellis's allegations do not contain "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1951-52 (2009).

Accordingly, Defendant's Motion to Dismiss the Fourth Cause of Action is due to be

GRANTED.

## V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

The Motion to Dismiss (Doc. #7) is GRANTED as to the Third and Fourth Causes of Action and both Causes of Action are DISMISSED without prejudice.  The case will proceed on Ellis's federal law claims.

Done this 3rd day of September, 2010.

    /s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE